ELIZABETH J. KUMLER *vs.* JOSEPH FERGUSON.

August 11, 1875.

Trial by Referee—Omission to Except to Exclusion of Evidence.—On the trial before a referee certain testimony was offered and objected to. The referee, without ruling upon the objection at the time, took the testimony with the understanding that before deciding the case he would rule upon the point, and admit or reject the testimony. He afterwards rejected it. No exception was taken to the course he took, and none reserved to such ruling as he might make upon the objection. *Held,* that there being no exception to his ruling, no point can be raised on it here.

Execution Sale of Land pending Creditor's Bill to Reach same Land.—At the time of the issuance of an execution, and the sale of land under it, there was pending a suit, in the nature of a creditor's bill, to enforce the judgment on which the execution issued, against the same land. *Held,* that the pendency of the suit did not affect the regularity of the execution and sale.

Appeal by plaintiff from a judgment of the district court for McLeod county, entered on the report of Hon. Isaac Atwater, referee.

*L. M. Brown,* for appellant.

*Bigelow, Flandrau & Clark,* for respondent.

GILFILLAN, C. J. This action is under the statute to determine adverse claims to real estate, the defendant claiming title to the real estate through a sale upon judgment and execution in his favor against a grantor of plaintiff.

There are only two points raised here. The cause was tried before a referee, and after defendant had given proof of the judgment and docketing, the execution and sale, the plaintiff offered to prove that the judgment was not entered at the date at which it purported to be entered. This was objected to, but the evidence was taken, the referee reserving his decision as to the admissibility of the evidence, and

afterwards he decided it to be inadmissible, and excluded it. No exception was reserved. For this reason the point cannot be considered by this court. *Martin* v. *Desnoyer*, 1 Minn. 156 ; *Roehl* v. *Baasen*, 8 Minn. 26.

The second point made is that, at the time of the execution sale, there was pending a suit in equity, in the nature of a creditor's bill, by defendant against plaintiff and others, to enforce the judgment on which the execution issued, against this real estate. The pending of this suit did not affect the validity of the execution and the sale under it

Judgment affirmed.