John P. Hodge *vs.* Edgar A. Twitchell and wife.

May 25, 1885.

Partnership to Buy and Sell Land—Fraud of One Partner in Purchase —Transfer to Third Person without Consideration—Trust.—H., T., and R. agreed to purchase together real estate, each to pay one-third of the cost, and that when sold the profits should be divided equally between them.    T. called the attention of the others to a lot offered for sale at $2,500, and advised its purchase.    While they were considering it, T. clandestinely agreed with the seller that if he, T., procured a purchaser for the remainder at $2,500, the seller would for his services convey to

him a designated part of the lot. T. thereupon falsely told H. and R. that the designated part had been sold to another person, but that the remainder could still be purchased at $2,500, and advised its purchase, and on his recommendation the purchase was made, each paying one-third of the price, and such remainder of the lot was conveyed to the three, and at T.'s request the seller conveyed the designated part to C., for no consideration other than the agreement between the seller and T. *Held*, that C. is to be regarded as holding the said designated part of the lot in trust for H. and R., to the extent of their agreed interest in the venture.

Plaintiff brought this action in the district court for Hennepin county, seeking to have a conveyance to the defendant Clara S. Twitchell of the north fifty feet of the lot described in the opinion declared fraudulent as to the plaintiff, and asking that she be declared to hold the title to an undivided one-third thereof in trust for the plaintiff, and that she be directed to convey such undivided one-third to the plaintiff. The action was tried before *Lochren*, J., without a jury, and, upon the facts found, (which are substantially stated in the opinion,) judgment was directed for plaintiff. Defendants appeal from an order refusing a new trial.

*Smith & Reed*, for appellants.

*F. B. Wright* and *J. W. Gilger*, for respondent.

GILFILLAN, C. J.[1] The findings of fact by the court below, so far as they are essential to the determination of the case, are justified by the evidence. The facts are substantially these:

In January, 1883, the plaintiff, the defendant Edgar A. Twitchell, and one Roby agreed that they would make joint purchases of real estate in the city of Minneapolis, each furnishing an equal amount of the purchase-money for each venture; and that on a sale of any piece purchased they would divide equally the profits of the venture. In the same month said defendant called the attention of the other two to a lot which was offered for sale at the price of $2,500, and advised them that the lot was cheap and advisable property to purchase on joint account pursuant to said agreement. While the two were considering the matter, it was agreed between the persons offering the lot for sale and said defendant that, if he would find a pur-

---

[1] Berry, J., was absent and took no part in this case.

chaser of the remainder of the lot at said price, they would in consideration thereof convey the north 50 feet front and rear of the lot to him, or to any one he should designate. Thereupon he, purposely concealing from plaintiff and Roby the agreement that he had made with the parties offering the lot for sale, misrepresented to them that the north 50 feet front and rear of the lot had been sold to some other person, so that it could not be purchased by the three, and informed them that the remainder of the lot could still be purchased at the said price of $2,500, and advised them to make such purchase; and on his recommendation it was made, each of the three paying one-third of the purchase price, and the lot was conveyed to the three; and, at the request of said defendant, the persons offering the lot for sale conveyed, pursuant to their said agreement with him, the said north 50 feet to the defendant Clara S., she paying no consideration therefor, but being ignorant of the means by which he procured the same to be conveyed to her. Plaintiff had no knowledge, till after the venture was closed by a sale of the remainder of the lot, that said Edgar A. had by the transaction secured to himself any advantage in which the others did not share. The value of said north 50 feet is $1,500.

The relation of the parties with respect to any venture they might enter upon pursuant to their agreement was in the nature of a partnership. Each owed to the others, in such their transactions, the utmost good faith and openness of dealing. Neither had the right to secure, without the consent of the others, any private advantage to himself out of such transactions, either in making the purchases or the sales, either from the money jointly contributed or from the property purchased. Securing such advantage would be a fraud upon the other parties interested with him, which equity would defeat by holding him a trustee for the others of the thing which he so secured to himself. There is no principle of equity jurisprudence better established or more rigorously enforced than this. In this case the real consideration for the entire lot was the $2,500; the thing really purchased, as between Edgar A. and the seller, with that money, was the entire lot. It was the consideration for the part conveyed to Clara S., as much as it was for the other. The thin device resorted to, of calling the conveyance of the north 50 feet a payment for services rendered

the seller in procuring a purchaser, when he had no right to render such services to the seller,—for that would place him in a situation where his bias and interest would be inconsistent with the duty which he owed to his associates, to do the best he could for their common good,—did not change the real character of the transaction. It was a fraud upon his associates, by reason of which, if that part of the lot had been conveyed to him, equity would have treated him as holding it in trust for them to the extent of their agreed interest in the ventures. The defendant Clara S., having paid no consideration for the conveyance to her, holds it, as he would have done, subject to the same trust.

Order affirmed.

[1] Berry, J., was absent and took no part in this case.