FRANK J. STERN *vs.* ABRAHAM HARRIS and others.

## March 6, 1889.

**Partnership—Accounting.**—The complaint in this action examined and *held* to state a cause of action.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks*, J., presiding, sustaining a demurrer to the complaint.

*Hart & Brewer*, for appellant.

*Lane & Johnson*, for respondents.

COLLINS, J.   This action was brought to compel defendants, as copartners, to account to plaintiff for a large sum of money, as his share of the profits of a transaction fully detailed in the complaint. A demurrer having been sustained upon the ground that said complaint failed to state a cause of action, the plaintiff appeals.   It sets forth the copartnership of defendants; the insolvency and assignment of a certain manufacturing corporation possessed of a "plant" consisting of buildings situated upon leased ground, machinery, tools, implements, patterns, etc., which were to be sold by the assignee at public auction, and by order of the court; that the plaintiff, one V. L. Rice, and one O. P. Briggs, were each familiar with the business previously carried on by said corporation, and with the value and utility of the "plant" to be sold; that neither of the defendants was acquainted with said business, and each was wholly unacquainted with the property to be sold, or its value; that thereupon the defendants proposed to the above-named persons to form with them a "syndicate" for the purchasing and subsequent selling of said property; and, having in mind the knowledge and experience of said persons, and desirous of availing themselves of it and having the benefit thereof while purchasing and disposing of said "plant," the defendants agreed that, in case said persons would attend the sale and bid in the property, they would furnish the necessary money for the entire purchase, the title thereof to be vested in the defendant Abraham Harris alone; that plaintiff was to give his personal attention to the pur-

v.40M—14

chase, carefully inspect and appraise the property, rendering such
service as he might be able to in advising as to values and in hand-
ling and disposing of the purchase thereafter; that each of said per-
sons—the plaintiff, Rice, and Briggs—were to pay and allow to the de-
fendants his share or proportion of the amount paid, and to settle for
the same a short time after the sale; and, further, that, in the event
of a purchase as contemplated, each was to have one-fourth of the
proceeds of a sale when said property was disposed of.   It is also al-
leged that, in accordance with the terms of said agreement, said per-
sons attended the sale and bid in the property, the defendants duly
furnishing and paying to the assignee the required amount of money
for the same; that very soon thereafter (the dates of these transac-
tions appearing) Rice proposed, in consideration of the sale, upon
certain terms, of the greater part of the property to himself and one
Elliot, to relinquish his interest in the venture for the sum of $2,500;
that thereupon defendants, Briggs, and plaintiff took the proposi-
tion under consideration, and concluded to accept; that as a condi-
tion of said acceptance it was agreed that defendants were to receive
and retain the cash payment which the proposed purchasers were to
make, receive and hold the notes evidencing the larger part of said
price, (the total being a much greater sum than had been paid for
the property,) collect the same, convert the remainder of the "plant"
into cash, reimburse themselves for all moneys advanced, with inter-
est, and divide the profits, share and share alike, between themselves,
said Briggs, and said plaintiff.   The concluding averments are that
these notes have been paid in full, all of the property converted into
cash, out of which defendants have reimbursed themselves as agreed
upon; that they have in their hands a stated sum of money, the net
profits of said transaction; and that they refuse to account to plain-
tiff for his one-third share thereof.

The complaint contains much that is non-essential, and the pleader
has improperly styled the alliance which defendants proposed as a
"syndicate." The agreement entered into and consummated by the
purchase and sale of the assets of the insolvent corporation was, ac-
cording to the complaint, a partnership.   It was a combination of the
experience in the business, the superior knowledge of the property

and its value possessed by plaintiff, Rice, and Briggs,—their services in attending the assignee's sale and purchasing to advantage, the expert labor of plaintiff in appraising and disposing of the "plant,"— with the capital.of the defendants, in a business venture to be entered into and conducted for the benefit of all. The plaintiff was to contribute more or less of his time, the defendants were to advance his share of the money needed to embark the .enterprise, and this amount he was to repay soon thereafter, without regard to profit or loss. This constituted him a partner, entitled to share in the profits, if any, and liable to his associates and to others, should there be losses. The subsequent agreement by which Rice withdrew only affected the amount of profits then apparent, and not the partnership relations. As the special business for which it was formed is at an end, and the assets reduced to money, plaintiff has a right, upon proof of the allegations of his complaint, to the accounting he demands.

Order reversed.