### JOHN L. AMBUEHL *vs.* W. H. MATTHEWS.

### November 1, 1889.

**Action for Conversion tried as an Action for Accounting.**—*Held* that, although the cause of action alleged in the complaint was the wrongful taking and conversion of personal property, yet, by the issues tendered in his answer, and by his course on the trial, the defendant must be deemed to have consented that the action be converted into one for an accounting for the proceeds of the property, and the adjustment, on the merits, of the rights of the respective parties therein.

**Chattel Mortgage—Property not yet in Being.**—*Ludlum* v. *Rothschild, supra,* p. 218, followed as to the validity of mortgages on personal property not in being at the date of the execution of the mortgage.

**Seed-Grain Note—Evidence.**—Evidence *held* to justify a finding that a "seed-grain" note was given for grain actually furnished by the payee to the maker to sow the land described in the note.

This action was brought in the district court for Norman county, and was tried by *Mills*, J., (a jury being waived,) upon whose decision a judgment of $99.03 was entered for plaintiff, from which the defendant appeals.

*Phelps & Calkins*, for appellant.

*O. Mosness*, for respondent.

MITCHELL, J. The short facts in this case are that, in the fall of 1886, plaintiff and one Reinhardt entered into a verbal contract, by which the latter was to cultivate and crop on shares, "for one or two years," a farm belonging to the former. Shortly thereafter, and on October 26, 1886, Reinhardt, for valuable consideration and in good faith, executed to plaintiff a chattel mortgage on his share of the crops of grain to be raised on the farm in the season of A. D. 1887. On the next day he also executed to plaintiff what purported to be a "seed-grain" note for wheat furnished him by plaintiff to be sown upon the farm. Both these instruments were duly filed. Pursuant to the verbal contract referred to, Reinhardt, in 1887, sowed the farm with grain, and in June of that year, while the crops were growing, executed a second chattel mortgage thereon to the defendant, also for valuable consideration and in good faith. In November, 1886, plaintiff assigned to defendant his mortgage against Reinhardt, and the note secured thereby, as collateral security for a debt owing by plaintiff to defendant, and payable November 1, 1887. This debt plaintiff paid in full at maturity, but never took from defendant any reassignment of the mortgage. After Reinhardt had threshed the grain raised on the farm in 1887, and in October and November of that year, he deposited his share of the grain in the elevator, and took receipts or "tickets" therefor, part of which he delivered to plaintiff and part to defendant, which each proceeded to sell and apply the proceeds upon their respective claims against Reinhardt. Plaintiff applied his, *first*, in payment of the "seed-grain" note, and, *second*, the remainder on the chattel mortgage. After such application there remained due on the mortgage a balance of some $81. Plaintiff claims that, by virtue of the priority of his mortgage, he is entitled to enough of the grain that went into defendant's possession to pay this balance. Defendant, on the other hand, claims the right to retain and apply on his mortgage all he received, upon the grounds,—*First*, that plaintiff's mortgage was void because executed upon property not then in existence or belonging to the mortgagor even potentially; and, *second*, that, even if this is not so, at least the "seed-grain" note was no lien on the crops, because not given for seed actually furnished and sown

on the land described in the note, and therefore plaintiff had no right as against him to apply on it any of the proceeds of the grain, but should have applied it all on his mortgage, which, if done, would have paid it in full.

1. The first contention of appellant goes merely to the form of the action. Plaintiff's complaint is the usual form in trover and conversion, charging the defendant with the wrongful taking and conversion of the grain. The court finds that no demand was made on defendant before action for the wheat or the proceeds. The point is made that an action for wrongful conversion will not lie; that the action should have been for money had and received, or for an accounting. Had defendant seen fit to rest on this point, and contented himself with merely traversing the allegations of the complaint, his present contention would probably be available. But in his answer he gives a full history of all these transactions between the parties, and practically tenders an issue upon every fact that would have been material in an action for an accounting or for money had and received. All these matters were gone into on the trial, and evidence received upon every fact essential to a full accounting and final adjustment of the rights of the parties in the proceeds of the mortgaged property, and the court made its findings and directed judgment on that basis. In short, the action was tried and treated throughout as one for an accounting and an adjustment, on the merits, of the rights of both parties in the proceeds of the grain. It is true that on the trial defendant objected to some of the evidence offered by the plaintiff, but the court, presumably by consent of parties, reserved its decision, and received the evidence subject to objection, and finally decided the case as if all the evidence had been admitted, but without formally ruling on the objections. As to the course which defendant should have pursued had he wished to avail himself of his objections, see *Bitzer* v. *Bobo,* 39 Minn. 18, (38 N. W. Rep. 607;) *Herrick* v. *Morrill,* 37 Minn. 250, (33 N. W. Rep. 849.) We must therefore assume that all the questions covered by the findings of the court and supported by the evidence were litigated by consent, and therefore the fact that they may not be all within the allegations of the complaint is no ground for reversal.

2. The point made against the validity of plaintiff's mortgage is not well taken. Even if it were necessary that the property should be potentially in possession of the mortgagor at the time of the.execution of the mortgage, we do not now see why the facts do not bring the case within the rule. But, however that may be, the mortgage is certainly valid, under the doctrine of *Ludlum* v. *Rothschild, supra*, p. 218.

3. The facts do not support defendant's contention as to the "seed-grain" note. While the matter is somewhat obscured by some idle forms through which the parties went, yet the evidence clearly shows that, according to their original agreement for cropping the farm, plaintiff was to furnish the seed grain, and designated a quantity of grain in his granary as that which was to be used by Reinhardt for that purpose; that thereafter, in consideration of Reinhardt's being credited with the value of the grain on the purchase price of a span of mules which he had bought of plaintiff, it was agreed that he himself should furnish the seed; and that he then went through the form of redelivering the grain, which had never been removed from the granary, to plaintiff; and that then plaintiff actually furnished and delivered to him this same grain as seed to be sown on this farm. Hence, laying aside all previous idle ceremonies, and taking the contract as the parties finally left it, and the facts according to their legal tenor, the transaction amounts to this: Reinhardt was to procure, at his own expense, the seed to sow the farm. Plaintiff sold and delivered to him a quantity of grain for that purpose, and took for it the note in question. There is no positive and direct evidence that the grain thus furnished was actually sown on the land, but we think that this fact can be legitimately inferred. Taking the testimony of plaintiff and Reinhardt together, it clearly indicates that it was grain furnished by the former which was sown, and from which these crops were raised. Indeed, throughout the trial no question was made as to this, but it seems to have been taken for granted.

Judgment affirmed.