56  629
70  163

SWEET *v.* DESHA LUMBER CO.

Opinion delivered November 26, 1892.

1.   *Code pleading—Uncertainty reached by motion.*

If a complaint states facts which show a cause of action in favor
of plaintiffs, any defect in the manner of statement, rendering
the complaint vague or uncertain, may be reached by motion
to make the complaint more definite and certain, but not by
demurrer.

2.   *Statute of frauds—Contract not to be performed within one year.*

A parol agreement on the part of defendant to place cars upon
its track at plaintiffs' mill until such time as their business
would justify defendant in building a switch at the mill, and
then to build the switch and place cars upon it, the obligation
to continue so long as plaintiffs should operate a mill on the
line of defendant's road, is a contract which may be completed
within one year, and is not within the statute of frauds requir-
ing contracts "not to be performed within one year from the
making thereof" to be made in writing.

Appeal from Desha Circuit Court.

JOHN M. ELLIOTT, Judge.

Sweet & Trippe brought suit against the Desha
Lumber and Planing Company. A demurrer to the com-
plaint was sustained. Plaintiffs have appealed. The
complaint was substantially in the following language :

The plaintiffs state that in 1887 their wives and
co-plaintiffs, Sallie E. Sweet and Lizzie T. Trippe, were
the owners of lot 9, in block O, in the town of Arkansas
City, Arkansas ; that these plaintiffs had, with consent
of the said Sallie E. Sweet and Lizzie T. Trippe, erected
upon the said lot a large and commodious planing mill
with steam boiler and machinery to do all kinds of work
usually done in planing mills, said mill being located on
a railroad where they could have cars of lumber loaded
and unloaded ; that the said plaintiffs, having established
said planing mill prior to 1887, were doing a paying busi-

ness ; that said defendant, owning the land adjoining the said lot and being desirous of purchasing said lot in order to complete a large plant for a saw mill, offered Mrs. Sweet and Mrs. Trippe $1000 for said lot, and further agreed verbally with these plaintiffs, if they (as a further consideration) moved to some other lot or lots located upon the defendant's railroad, it would at all times, where plaintiffs desired it, place cars at their mill until their business would justify it in putting a switch in for said plaintiffs.

Plaintiffs state that this was the moving consideration which induced them to give up the lot to the defendant and move their machinery to another location ; that, at the time said Mrs. Sweet and Mrs. Trippe sold lot 9 to said defendant, they would not have consented to take the offer made by defendant, but for the verbal agreement of placing the cars as aforesaid, which verbal agreement was to be performed within twelve months, and that the said defendant did place cars at their mill, as by verbal contract.    Plaintiffs state that, feeling sure that the defendant would fulfill its verbal agreement, they gave up the lot upon which their mill was located to defendant and purchased lots 1, 2, 3 and 4, in block D in Arkansas City, which lots are adjoining the railroad which belongs to said defendant, and at a very heavy expense erected a large building thereon, built platforms and offices, and placed their boiler, engines and machinery thereon, all of which is now in good working order, all at a very heavy outlay both of money and time ; that they have purchased new machinery and placed it in said mill, all of which was done upon the faith and promise that defendant would faithfully carry out its promise in switching cars of lumber to and from the mill when plaintiffs so requested.    Plaintiffs knew, at the time of the erection of the mill on lots 1, 2, 3 and 4 in block D, that they would have to rely upon the defendant to place

cars at the mill for them, but, believing the corporation to be composed of men who would carry out all contracts, built their mill. Plaintiffs would further state that defendant had partially kept this agreement up to the 25th of December, 1889, when the agent of said corporation notified plaintiffs that, after the first day of January, 1890, it would place no more cars at their mill for them, and since the said first day of January, 1890, defendant, although often requested so to do, has refused and still refuses to furnish and place cars as they agreed to do. Plaintiffs state that they had no other means of getting lumber to or from their mill except by wagon, which would entail such a heavy expense that they could not stand it, and they would be forced to tear down the mill and move it to' some other more convenient place or close the mill business altogether. Plaintiffs say that, by virtue of the refusal of defendant to perform its contract in placing cars at their mill, as agreed 'to, and to place a switch at their mill, they have been damaged in the sum of $10,000 ; and they ask judgment for that amount.

The court sustained a demurrer to the complaint, and dismissed the suit. Plaintiffs have appealed.

*Pindall & Rogers* for appellants.

1. This case is not within the statute of frauds. There is nothing to show that the contract was not to be performed within the year. 54 Ark. 199 ; 72 Tex. 70 ; 118 N. Y. 586.

2. The contract has been fully performed by appellants. The appellee has received the consideration. To permit the corporation to interpose the statute would be to convert it into a statute of fraud, pure and simple. 40 Ark. 391 ; 55 *id.* 587 ; 49 *id.* 507.

*James Murphy* for appellee.

1. The verbal agreement falls within the sixth subdivision of sec. 3371 of Mansfield's Digest. 22 Hun (N.

Y.), 412; 11 East, 142; 10 Wis. 55; 15 Wend. 336; 46 Ark. 80.

2. The complaint is inconsistent and insufficient in law to constitute a cause of action.

**1. Construc-tion of plead-ing.**    HEMINGWAY, J. Construing the complaint liberally, as the code provides, we think it may be said to state facts showing that a contract was made and broken by defendant, and to contain an allegation that plaintiffs were damaged by the breach in the sum of $10,000. From those facts springs a right of action maintainable in the circuit court; if there was any defect in the manner of stating them, rendering the complaint vague or uncertain, it could have been reached by motion to make more definite and certain, but not by demurrer. *Bushey* v. *Reynolds*, 31 Ark. 657; *Bush* v. *Cella*, 52 Ark. 378.

**2. Agree-ment not to be performed within one year.**    It is insisted that the complaint was founded upon a contract that was not to be performed within one year, and was, therefore, void because not in writing. Mansf. Dig. sec. 3371, sub. 5. It becomes necessary, in determining this question, to ascertain what the contract, as set out in the complaint, is. Turning to the complaint, we find that the allegations are not direct or perspicuous, and can well appreciate the difficulties, growing out of this fact, that the learned judge below encountered in his efforts to pass upon the demurrer. But, as we understand the complaint, the contract on part of the defendant was, that it would place cars upon its track at plaintiffs' mill for their use, until such time as their business would justify defendant in building a switch at said mill, and that it would then build the switch and place cars upon it; the obligation to continue so long as plaintiffs should operate a mill on the line of defendant's road in Arkansas City.

The proper construction of the statute relied upon was carefully considered by this court in the case of the *Railway Co.* v. *Whitley*, 54 Ark. 199; as our conclusions

are recorded in the opinion therein delivered, and we have seen no reason to change or modify them, it is unnecessary to again enter upon any review of the authorities or discussion of the matter.

We are unable to say, upon the statement of the contract as we understand it to be made in the complaint, that it "was not to be performed" in one year; its duration might extend further, but there was nothing in its terms to preclude the idea that it might within that time be fully executed, and there was no understanding or intention that it "was not to be performed." The obligation contemplated immediate service, and was to continue so long as plaintiffs operated a mill in Arkansas City on the line of defendant's road, and upon that event to terminate. It was entirely possible that within one year the plaintiffs would cease to operate it, and in that event the contract could have been completed within the year.

Reverse and remand, with directions to overrule the demurrer.