JOHN E. VOAK *et al. vs.* NATIONAL INVESTMENT CO.

Argued Nov. 2, 1892. Decided Dec. 1, 1892.

### A Debt Held Paid Out of the Debtor's Funds.

The defendant being obligated to pay (loan) separate sums of money to A., Y., and S., *held*, that the evidence and circumstances referred to in the opinion justified the conclusion that a certain payment by the defendant of a debt of S. was to be regarded as made out of the funds to be loaned to S., rather than out of the funds coming to A. and Y.

### Evidence Received Subject to Objection.

In a trial before the court, objections to evidence being held under advisement by the court, and the evidence received subject to such objections, (the parties not objecting to such a course,) if the objections are finally sustained, and the evidence rejected, the party who objected to the evidence has no reason to assign error.

### Proof Secundum Allegata.

In an action for the recovery of money, the answer setting up the defense of payment, evidence going to excuse nonpayment is not admissible in defense.

### Change of the Issues on the Trial Discretionary.

The defense of payment having been relied upon until the cause was about to be tried, *held*, that it was within the discretion of the court to then refuse to allow a supplemental answer setting up facts excusing nonpayment, or showing a counterclaim for the recovery of a nominal sum.

### Relief after Judgment.

The refusal to open a judgment, so that a supplemental answer might be filed, setting up a substantial counterclaim, sustained.

Appeal by defendant, the National Investment Company, from a judgment of the District Court of Ramsey county, *Kerr*, J., entered April 7, 1892, against it for $905.38.

Appeal also by defendant from an order of that court made July 19, 1892, refusing to set aside the judgment and allow it to interpose a supplemental answer setting up a counterclaim for mechanics' liens paid by it since the trial.

Both appeals were argued and decided in this court at the same time. The first involves only questions of fact and the exercise of

the discretion of the trial court in refusing defendant's request at the trial to change its answer of payment to one excusing nonpayment. The second appeal presents only the question of the rightful exercise of the discretion of the trial court in refusing defendant's motion to set aside the judgment and allow it to interpose a supplemental answer setting up as a counterclaim the payment of mechanics' liens on the property mortgaged to it with covenants against incumbrances.

The discussion here was upon questions of fact and judicial discretion.

*William G. White*, for appellant.

*J. M. Hawthorne*, for respondents.

DICKINSON, J. The case before us tends to show the following state of facts: One Janzen, being the owner of a certain tract of land, sold or contracted to sell it to a Mrs. Shickling for the price of $2,400. The price was not then paid, nor was the land then conveyed to her. The tract was then divided into eight lots, and Mrs. Shickling proceeded to erect houses on four of them. When the houses were about completed, Mrs. Shickling bargained to sell two of the lots thus improved,—one to a Mr. Yager, and the other to a Mr. Arbuckle. Such being the situation, one George Shickling, the husband of Mrs. Shickling, having authority from her so to do, as well as from Yager and Arbuckle, negotiated for a loan from the defendant of the sum of $1,100 on each of the four lots thus improved. Accordingly Yager executed his promissory note to the defendant for $1,100, and secured the same by a mortgage of the lot bargained to him as aforesaid. Arbuckle did the same, and Mrs. Shickling executed her two notes for the same amounts, and secured them by mortgages upon each of the other two improved lots. Afterwards, and on the 22d day of November, 1890, George Shickling, by written order signed by himself, directed the defendant to pay to Janzen $2,420, "and charge to loan account." This was the amount for which Mrs. Shickling had purchased the property; $20 of interest on the purchase price having then accrued. The defendant made this payment to Janzen, and the latter then conveyed the whole

premises by deed to Mrs. Shickling, and she conveyed to Yager and Arbuckle, respectively, the lots previously bargained to them. It seems that on the same 22d of November Yager and Arbuckle, each for himself, made and delivered to George Shickling separate written orders to the defendant, each directing it to pay to him, Shickling, "$1,100, less commission and other loan expenses on account of loan." There was evidence tending to show that Shickling did not deliver these orders to the defendant until after the 22d of November, and not until after the payment by the defendant to Janzen. The evidence further tended to show that after the defendant had made the payment to Janzen it sought from Mrs. Shickling a formal written acknowledgment that this payment was made by her authority; and on or about the 28th of November she executed an instrument, the greater part of which had been prepared by the defendant, reciting the loans made to Mrs. Shickling, the necessity for procuring a deed from Janzen to vest the title in her, and acknowledging that the money paid to Janzen had been paid by her authority and consent. The defendant subsequently made other payments on the order of Shickling, some of which were for labor performed or material furnished for the erection of the houses.

In June, 1891, Shickling assigned to these plaintiffs his rights, as assignee of Yager and Arbuckle, as to any amount remaining unpaid by the defendant of the aggregate sum of $2,200, which the defendant was to loan them, and for which it held their notes and mortgages, as before stated. This action is for the recovery of an alleged balance of those loans, not yet paid over by the defendant. The defendant claims to have paid out that full amount under circumstances making the payments applicable to those loans. The court found that there was a balance of $825.90 remaining still in hands of the lender, the defendant. Without here referring particularly to the evidence, we will say that an examination of it satisfies us that this finding of the court was justified, unless it is to be considered that the defendant rightfully appropriated to the payment made to Janzen the funds which it had obligated itself to loan to Yager and Arbuckle. On the contrary, we think that the evidence justified the conclusion, that in accordance with the inten-

tion of both the defendant and Mrs. Shickling at the time of the payment to Janzen, that payment was made *pro tanto* out of the funds which the defendant was to loan to her; hence it is unnecessary to consider whether the defendant had any right to appropriate to that payment, in the first instance, the funds which it was to loan to Yager and Arbuckle. In justification of the conclusion above expressed, we will only advert to the following considerations, which seem to have influenced the decision of the district court: It is doubtful whether, at the time of the making of the payment, the defendant knew that Yager and Arbuckle had authorized Shickling to receive or dispose of the $2,200, which was payable to them; and it may be added that the orders of Yager and Arbuckle to pay to Shickling the amounts of such loans did not, in terms, authorize the payment to Janzen. The money so paid to Janzen was, as the defendant knew, the debt of Mrs. Shickling, and not of Yager and Arbuckle. It was the purchase price of land, in the greater part of which they had no interest. The conduct of the defendant in procuring the subsequent formal authorization from Mrs. Shickling is indicative of the understanding at that time that the payment was on her account, rather than on that of Yager and Arbuckle; and there can be no question but that she so treated it. There was oral evidence also tending to show that prior to procuring the written ratification from Mrs. Shickling the defendant regarded the payment as having been made on her account. This acknowledgment or ratification by Mrs. Shickling, procured by the defendant, was properly received in evidence.

George Shickling, a witness for plaintiff, was shown his order on the defendant for $2,420, and asked on what fund the order was drawn. Defendant objected to this as calling for the opinion of the witness. The objection was well taken, for it involved the error of allowing the witness to state his conclusions as to the result, or legal consequences, from the facts in the case. But the evidence was not received absolutely, but subject to the objection, (the parties not objecting to this course;) and upon consideration of the objection it was finally sustained, and the evidence stricken out, as appears in the return. Hence the assignment of error is not well

taken. Later the witness was asked and stated what his previous testimony, above referred to, was. Even if this was of any importance of itself, it is but fair to treat it as going with the previous testimony, and not really received as evidence in the case. The court, having finally sustained the objection to the previous testimony, cannot have intended to retain as evidence this statement of the witness as to what that previous testimony had been.

The answer, served in July, 1891, alleged that the defendant had paid over in full the amounts to be loaned to Yager and Arbuckle, respectively. The answer resting the defense on the ground of actual payment, the court was right in refusing to receive in evidence certain judgment rolls showing the recovery of judgments enforcing against the property mechanics' liens, which were chargeable on the property at the time the mortgages were given. Such evidence would not have sustained the plea of payment, but only went to show an excuse or reason why payment should not be required.

The case came on for trial in the early part of February, 1892. The defendant then moved for leave to file a supplemental answer, setting forth that the mortgages from Arbuckle and Yager contained the usual covenants, including that of freedom from incumbrances, and that the mortgaged premises were incumbered by mechanics' liens, on account of which judgments had been recovered, (February 6, 1892,) decreeing a sale of the property to satisfy the same; and that the mortgagors were insolvent. We do not think that the court abused its discretion in refusing to allow the filing of this supplemental and amended pleading at that time. The liens referred to had been filed about six months before the defendant interposed its answer of payment, and were then known to the defendant; and the action to enforce such liens was commenced within a few days after that answer was put in, and about six months before this application to file a new answer was made. The liens constituted a breach of the covenants as completely as did the judgment subsequently recovered. Yet the defense was rested on the alleged fact of payment until the cause was about to be tried. Even then only nominal damages could have been allowed to the defendant for the breach of the covenant, for it had not paid off the liens or judg-

ment.   Hence there was little reason for allowing the proposed answer.   At least it was within the discretion of the court, notwithstanding the fact that the trial had been postponed by consent of the plaintiffs on account of the pendency of the action to enforce the mechanics' liens.   We do not wish to be understood as intimating that in a proper case the filing of a supplemental pleading, if done in season, is not a matter of right, if that right has not been by any means forfeited.

Again, after the trial and rendition of judgment in this action, the defendant moved that the judgment be set aside, and that it be allowed to interpose a supplemental answer, setting up the facts before referred to, and the further fact that it had then paid the judgment which had been recovered on the mechanics' lien claims. It was certainly no abuse of discretion to refuse to open the judgment for this purpose.

Upon the whole case, we are of opinion that the order and judgment appealed from should be affirmed.

(Opinion published 53 N. W. Rep. 708.)