SAMUEL FOUNTAIN *vs.* JOSEPH MENARD *et al.*

Submitted on briefs May 12, 1893.   Decided June 8, 1893.

**Partnership Formed by Parol to Deal in Real Estate.**
   A partnership may be formed by parol for the purpose of buying, improving, and selling a particular piece of real estate.

**Findings Sustained by the Evidence.**
   Evidence *held* to justify findings of fact.

Appeal by defendants, Joseph Menard and Arthur L. Menard, from an order of the District Court of Hennepin County, *Frederick Hooker,* J., made October 17, 1892, denying their motion for a new trial.

In April, 1890, the plaintiff, Samuel Fountain, and the defendants made an oral agreement to become partners in the purchase and improvement of lots ten (10) and twelve (12) in block four (4) in Morrison's Addition to Minneapolis. Arthur L. Menard was the son of Joseph Menard. The son was to have a half interest, and the father and plaintiff each a fourth interest, in the partnership. The father was to receive and hold the title, and mortgage the property for $10,000. This money was to be used in the enterprise, and he was to advance to the partnership enough more to pay for the lots and complete the buildings. The lots were bought, the mortgage made, and a block of six retail stores erected. The total cost was $18,795.26.

The defendants denied that plaintiff was a partner or interested with them in the property. This action was commenced January 29, 1891, for a dissolution, and an accounting, and pending the ac-

tion, for a receiver of the rents and profits. The issues were by consent referred for trial to Robert L. Penney, Esq. He heard the evidence, and on June 4, 1892, reported that an oral agreement of partnership was made, as claimed by plaintiff, and that it should be dissolved. He directed the property sold, subject to the mortgage, and Joseph Menard repaid his advances to the firm. He awarded to plaintiff one-fourth of the residue. Taxes and interest paid, and rents received, to be adjusted on this basis.

Defendants moved the court to set aside the report and grant a new trial. Being denied, they appeal.

*O. Tessier* and *Benjamin Davenport,* for appellants.

The agreement alleged is within the statute of frauds, and no trust was created. A partnership cannot be created orally for the purposes alleged in the complaint. The mere fact that the plaintiff was to have a portion of the rents and income, and own a portion of the property, did not constitute a partnership. This property was not bought with partnership funds, or to aid in any partnership purpose. But if plaintiff had any interest, it was that of a joint owner. *Wells* v. *Babcock,* 56 Mich. 276; *Farrand* v. *Gleason,* 56 Vt. 633; *Munson* v. *Sears,* 12 Iowa, 172; 23 Iowa, 380; *Williams* v. *Gillies,* 75 N. Y. 197.

*Day & Enches,* for respondent.

A partnership may be formed by parol to buy and sell real estate. *Hodge* v. *Twitchell,* 33 Minn. 389; *Newell* v. *Cochran,* 41 Minn. 374; *Stern* v. *Harris,* 40 Minn. 209; *Dale* v. *Hamilton,* 5 Hare, 369; *Chester* v. *Dickerson,* 54 N. Y. 1; *Bunnel* v. *Taintor,* 4 Conn. 568; *Holmes* v. *McCray,* 51 Ind. 358; *Richards* v. *Grinnell,* 63 Iowa, 44.

In such cases, neither party conveys or assigns any lands to the other, and hence there is no conflict with the statute of frauds, and the partnership real estate will be treated as personal property as between the partners. *McElroy* v. *Swope,* 47 Fed. Rep. 380; *Pennybacker* v. *Leary,* 65 Iowa, 220; *Allison* v. *Perry,* 130 Ill. 9; *Wallace* v. *Carpenter,* 85 Ill. 590; *York* v. *Clemens,* 41 Iowa, 95.

GILFILLAN, C. J. The complaint in this action was so drawn as to suggest the question whether the plaintiff was proceeding on

the theory of a partnership between the parties to deal in the real estate or of an attempt merely to create a trust in it. It does allege a partnership formed for the purpose; and, without an application to require the plaintiff to make the complaint more definite and certain, or to elect on which theory he would proceed, he had a right to prove any cause of action within the allegations of the complaint, and, as there were enough of them to show a case of partnership, the defendants' motion for judgment on the pleadings was properly denied. From the evidence, though it also pointed to the two theories suggested by the complaint, the referee might fairly find that a partnership to buy, improve, and dispose of the real estate was formed. The right to share in the profits or losses, if any, though nothing was expressly agreed on with respect to them, would, of course, follow.

There is no question that a partnership may be formed by parol to deal in real estate, *Hodge* v. *Twitchell*, 33 Minn. 391, (23 N. W. Rep. 547;) *Newell* v. *Cochran*, 41 Minn. 378, (43 N. W. Rep. 84,) and we see no reason to doubt that one may be formed to buy, improve, and sell, for joint profit, a particular piece of real estate.

Where real estate is acquired in a partnership business and for its purposes it is partnership assets, though the legal title be taken in the name of one of the partners; and in closing the affairs of the concern the court may convert it into personal property for distribution, the same as other assets.

There was no prejudicial error in admitting evidence. That in relation to the value of the property and of alleged extra work of plaintiff was immaterial, but no finding of fact is based upon it, and manifestly it could have had no influence upon the findings as made.

Order affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 601.)