NATIONAL INVESTMENT Co. *vs.* MARY M. SCHICKLING *et al.*

Submitted on briefs Nov. 20, 1893. Affirmed Jan. 19, 1894.

Nos. 8349, 8350.

**Practice, How to bring up questions for review.**

Questions arising upon exceptions to the rulings of the court upon the trial can be examined on appeal only when presented by a case or bill of exceptions, and not upon any statements of what took place on the trial, contained in the findings of fact, or the memorandum of the court attached thereto; following former decisions.

**Surety in an indemnity bond, held not released.**

The plaintiff having agreed to accept, as security for money to be loaned, separate mortgages, of equal amounts, on five tracts of land, upon each

of which a building was being erected, the proposed borrowers as principals, and the defendant as surety, executed to plaintiff a bond, the condition of which, after reciting the erection of the buildings and the execution of the mortgages, was to indemnify the plaintiff against mechanics'. liens on the premises. In fact, plaintiff only advanced to the borrowers the amount of the mortgages on four of the tracts, it being mutually agreed between them that the mortgage on the other tract should not be delivered, and that no money should be advanced therdon. *Held*, that this did not release the surety on the bond from liability for mechanics' liens on the four tracts.

Appeal by Charles L. Haas, one of the defendants, from an order of the District Court of Ramsey County, *William Louis Kelly*, J. made June 24, 1893, denying his motion for a new trial.

Appeal also by the plaintiff, National Investment Company, from an order of said court made in the same action at the same time denying its motion for a new trial.

The National Investment Company on November 1, 1890, agreed to loan $5,875 to Mary M. Schickling, Francis M. Arbuckle and Francis M. Yager, to be secured by mortgages upon five houses and lots in Bidwell's Addition to West St. Paul, $1,175 on each. To secure the Company against mechanics' liens upon the houses, they as principals together with the defendant Charles L. Haas as surety executed and delivered to the Company a bond in the penal sum of $5,500, conditioned that if the obligors should pay all such liens on or before December 15, 1890, then the bond was to be void. Afterwards on November 20, 1890, Mrs. Schickling sold one of the houses and the loan of $1,175 on it was cancelled. Defendant Haas claims this was such a change in the contract that he was thereby released. The Company did not pay over all of the $4,700 secured by the mortgages on the four remaining houses, but retained $666.41. Defendants did not pay all the mechanics' liens on the houses. The holders commenced actions to foreclose and judgments were obtained and the Company was compelled to pay $3,101.62 March 1, 1892, to satisfy them and protect its mortgages. It brought this suit May 9, 1892, on the bond to recover that sum of the obligors with interest and costs. The defendants answered that the $666.41 should be set off against the plaintiff's claim. On the trial May 6, 1893, the Court overruled the claim of Haas but allowed the setoff. Haas and

the Company each moved for a new trial and were each refused and each appeals.

A case containing all the evidence given at the trial was made, settled, signed and filed. All the parties to the action signed a stipulation, set out in the paper book on pages 71 to 74. It recited that Mrs. Schickling assigned all her claim to the $666.41 to Voak and others, and the assignees brought suit therefor against the Investment Company and recovered judgment which it paid. This stipulation was made a part of the settled case and is mentioned in a memorandum filed by the Judge with his findings in this suit. In this memorandum the Judge says: The new facts stipulated are irrelevant. As Haas was not a party to the action of Voak and others, the judgment in that action does not bind him. *Voak* v. *National Investment Co.*, 51 Minn. 450. If the Investment Company had such defense against Mrs. Schickling it would have been good in that action brought by her assignees, but the Investment Company did not plead that defense there but plead payment and failed. Haas cannot be charged with errors committed by it, either in the payments it made from this fund or in the defense it tried to establish against Voak and others.

Haas' first assignment of error is, that on the trial he was a witness and offered to testify to conversations between himself and the agent of the Investment Company at the time he executed the bond. To this the plaintiff objected and the evidence was received but subject to the objection. No subsequent ruling was made by the trial court upon the objection and the settled case shows none.

*William G. White,* for National Investment Company.

*Cyrus Wellington,* for defendant Haas.

MITCHELL, J. The record does not present the question which defendant Haas seeks to raise by his first assignment of error. We construe the statement in the case that the evidence was "received subject to the objection" as meaning that the court reserved its ruling upon its admissibility. If it does not mean that, then it means that the court received the evidence unconditionally, overruling plaintiff's objection, in which case, of course, the defendant would have no ground for complaint. Where, upon the trial, the court reserves its ruling, and takes the question under advisement, the

"case" or bill of exceptions should show how the question was finally disposed of. *Herrick* v. *Morrill*, 37 Minn. 255, (33 N. W. 849;) *Bitzer* v. *Bobo*, 39 Minn. 18, (38 N. W. 609;) *Ambuehl* v. *Matthews*, 41 Minn. 537, (43 N. W. 477.)

It has been the inflexible rule of this court, from *Bazille* v. *Ullman*, 2 Minn. 134, (Gil. 110,) down, that questions arising upon exceptions to the ruling of the court upon the trial cannot be examined upon appeal unless they are presented by a case or bill of exceptions prepared according to the statute; that error cannot be alleged upon, or shown by, any statement of what took place at the trial, contained in the findings of fact, or the memorandum of the court attached thereto. This leaves but one question to be considered on defendant's appeal. This is an action upon a bond of indemnity against mechanics' liens on certain real estate which defendant Haas executed as surety for his codefendants. The material facts may be briefly stated thus: The plaintiff had agreed to make loans, aggregating (including commission) $5,875, to the defendants Schickling, Arbuckle, and Yager, respectively, to be secured by ten mortgages on five several pieces of land, upon each of which a dwelling was being erected,—two mortgages, aggregating $1,175, to be on each tract.

The condition of the bond in suit, after reciting the erection of these houses, and the execution of these ten mortgages, is that the principals should pay for all labor and materials performed or furnished for the construction of the houses, and save the premises free from mechanics' liens. Owing to the fact that one of the houses had been sold, no loan was in fact made on it, and the two mortgages thereon were surrendered; the plaintiff merely lending $4,700 on the remaining eight mortgages on the four other houses. It is claimed that this was such a change in the contract to which the bond related as released the surety. This contention is not sound. It is undoubtedly true that, where a bond is conditioned for the performance of a contract, any material alteration of the contract by the parties thereto, without the consent of the surety, will discharge the latter. But that is not this case. What the surety obligated himself for here was that his principals would save harmless from mechanics' liens the premises upon which the plaintiff

was about to take mortgages. The fact that no money was advanced, and no mortgages taken, on one part of the premises, had no effect except to save the surety from any liability on account of liens on that part.

There is nothing in plaintiff's appeal. If, as the court finds, a part of the money loaned the principals had not been paid over to them, but still remained in its hands, it was its duty to the surety to apply the same towards paying off the liens on the premises; and, it not having done so, the defendant is entitled to have the same deducted from the amount of the liens which the plaintiff had paid.

The new facts stipulated on pages 71 to 74 of the paper book are clearly insufficient to show an authorized or justifiable disbursement of this money, so as to relieve the plaintiff from liability to credit defendant for the same in this action.

For anything that appears, the action by Voak and others to recover this money from plaintiff was instituted not only after default in the conditions of the bond, but also after plaintiff had paid off the loans on the mortgaged premises, in which case it had, if interposed, a perfect defense to the action, which, in justice to the surety, it ought to have interposed or tendered him in defense of the action.

In each appeal the order appealed from is affirmed.

VANDERBURGH, J., took no part.

(Opinion published 57 N. W. Rep. 663.)