R. M. STITT and Another v. RAT PORTAGE LUMBER COMPANY
and Another.[1]

May 11, 1906.

Nos. 14,551—(4).

**Objection to Admission of Evidence.**

An objection was made by defendant and appellant to the introduction
of testimony on the ground that the complaint did not state facts suffi-
cient to constitute a cause of action. The testimony was admitted "sub-
ject to the objection." No specific ruling on the objection was thereafter
requested and none was made. At the close of plaintiffs' testimony defend-
ant made four separate and distinct motions to strike out all of plaintiffs'
testimony. *Held:*

1. That the motion to strike out reached the same points as the motion
to exclude; that the ruling on the motion to strike out was in effect a
ruling on the motion to exclude, thereby bringing into the case the testi-
mony admitted, "subject to the objection."

2. On the appellant rested the burden of causing the ruling of the trial
court to appear in the settled case.

3. To be the basis of review in this court, the ruling of the trial court,
or its refusal to rule on an objection to an admission of evidence, must
be either excepted to on trial, or the point must be assigned as error on
a motion for a new trial.

**Partnership in Real Property.**

A partnership may be formed by parol to deal in real estate and to im-
prove and sell for joint profit a particular piece of land. When real es-
tate is acquired in a partnership business so formed, and for partnership
purposes, notwithstanding the provisions of the statute of frauds and of
the statute of uses, it is partnership assets although the legal title be
taken in the name of one of the partners.

**Dissolution of Partnership.**

Where no definite time is fixed for the continuance of a partnership, it
is one at will and either party may dissolve it at pleasure. The statute
of frauds (G. S. 1894, § 4209) has no application where the contract could
be performed within the year, or where it runs for an indefinite time.

Action in the district court for Itasca county against defendants,
Rat Portage Lumber Co. and Patrick A. Smith, to impress a trust for

[1] Reported in 107 N. W. 824.

the benefit of plaintiff, to the extent of an undivided one-half interest therein, upon certain lands, the title to which was held by defendant Smith; plaintiffs alleging that the land had been purchased for the joint partnership account of plaintiffs and defendant company. The case was tried before Spooner, J., who made findings of fact, and as conclusions of law found that plaintiffs were the owners of an undivided half of the land, subject to the lien of defendant company for one-half of the purchase price. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*R. R. Briggs,* for appellants.

*H. B. Fryberger,* for respondents.

JAGGARD, J.

The complaint in this case alleged in substance the following facts: In the summer of 1901 the plaintiffs and respondents entered into a contract with the defendants and appellant the Rat Portage Lumber Company, by which it was agreed that the Rat Portage Lumber Company, P. A. Smith, and the plaintiffs should purchase for $1,250, from a certain person, specified real property in Itasca county, on which there then was a dam, and that the plaintiffs were to own one-half and defendants one-half of such lands. It was not agreed in whose name the deed should run as to the respective interests; that was to be decided before the deed was recorded. The sale was consummated by the payment of the purchase price, and a good and sufficient deed executed to the defendant P. A. Smith alone, who wrongfully and unlawfully caused the name of the plaintiffs to be omitted from the deed, and took the whole title to said lands in his own name, contrary to said agreement, and without the knowledge or consent of the plaintiffs. It was further agreed between the parties that the plaintiffs should remain in possession of said lands and maintain the dam, and keep it in repair in addition to paying one-half of the purchase price. The full one-half of maintaining said dam was afterwards to be paid by the defendant the Rat Portage Lumber Company, and the revenue collected from it was to be divided by plaintiffs and the Rat Portage Lumber Company. In pursuance of the contract, plaintiffs went into possession of the premises, made valuable improvements, maintained and re-

paired the dam, and ever since the making of said contract remained in exclusive possession of the premises. Prior to the commencement of this action, they tendered to the defendants the payment of the full one-half of all moneys paid for the lands, and demanded a conveyance of one-half interest in those lands to them.

The answer put in issue the entire subject-matter of the complaint, except the purchase of the lands in question as to which it was alleged that Smith bought the whole of them, and that he was now the owner and holder of them. Further facts will appear in the opinion. Findings of fact and conclusions of law were made and filed in favor of the plaintiffs; judgment was entered in their favor, subject to the lien of the defendant Rat Portage Lumber Company for one-half of the purchase price.

1. Upon the trial, and before any testimony had been taken, defendants objected to the introduction of any testimony whatever in support of the complaint, for the reason that it did not allege facts sufficient to constitute a cause of action. The court received the testimony, subject to the objection. It is now insisted that the court never thereafter passed upon the objection; that the evidence which is the substance of plaintiffs' claim, is not in the case because it had never been ruled in; and that hence the evidence does not sustain the judgment.

In the first place, the defendants did not afterwards specifically ask for a decision upon the reserved ruling, but treated the evidence as being properly before the court. When plaintiffs rested their case defendants made four separate and distinct motions to strike out all of plaintiffs' evidence. These motions directly raised the very questions in counsel's objection to the introduction of evidence under the complaint; that is to say, defendants' motions to strike out reached substantially the same points as their motion to exclude the testimony. The ruling therefore on the motions to strike out were in effect also a ruling on the motion to exclude. The result was that the testimony which had theretofore been received "subject to the objection" was at that time ruled into the case, and became a part of it, making it effective as evidence in the case. This controversy is within the spirit of Ambuehl v. Matthews, 41 Minn. 537, 539, 43 N. W. 477. There

Mitchell, J., said: "It is true that on the trial defendant objected to some of the evidence offered by the plaintiff, but the court, presumably by consent of parties, reserved its decision, and received the evidence subject to objection, and finally decided the case as if all the evidence had been admitted, but without formally ruling on the objections. * * * We must therefore assume that all the questions covered by the findings of the court and supported by the evidence were litigated by consent."

In the second place, if the defendants, whose objection is in effect taken under advisement by the court, desires to raise the question as to the admissibility of such evidence, he must request the ruling of the court; if he fails so to do he cannot on appeal avail himself of error by the trial court. Johanson v. Hoff, 67 Minn. 148, 69 N. W. 705; Naas v. Welter, 92 Minn. 404, 100 N. W. 211; and see Hogan v. Vinje, 88 Minn. 499, 93 N. W. 523; Voak v. National Inv. Co., 51 Minn. 450, 53 N. W. 708. It is true that in Perkins v. Morse, 30 Minn. 11, 15, 13 N. W. 911, 14 N. W. 879, evidence received subject to objection, was held not to be in the case and that whether it should be or not depended upon a future ruling upon the objection. But in Herrick v. Morrill, 37 Minn. 250, 255, 33 N. W. 849, 5 Am. St. 841, in an appeal by the plaintiff upon objections made on trial to the admission of evidence which were taken under advisement, instead of being disposed of when made, this court said: "The plaintiff should have requested the court to state in the 'case' how these objections were disposed of." This ruling imposes on the appellant the burden of causing it to appear in the settled case what the ruling of the court was. It was followed and approved in Bitzer v. Bobo, 39 Minn. 18, 38 N. W. 609; Ambuehl v. Matthews, supra; National Inv. Co. v. Schickling, 56 Minn. 283, 57 N. W. 663, and is the settled rule in this state. Dunnell, Minn. Pr. § 1811.

In the third place, the question is not properly before us for decision. To be the basis of review in this court the ruling of the trial court, or its refusal to rule on an objection to an admission of evidence must be either excepted to on trial (see Kumler v. Ferguson, 22 Minn. 117; Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 279, 71 N. W. 261, 64 Am. St. 475) or the point must be assigned as error on a motion

for a new trial. Dunnell, Minn. Pr. §§ 1804, 1805. No such exception or assignment appears in this record.

2. It is further insisted that the contract, whatever it was, was in parol and was void under the statute of frauds, and under the statutes of uses and trusts, under sections 4209, 4213, and 4280, G. S. 1894. The trial court found that the transaction was a partnership to purchase these lands and operate the dam and waterways thereon; that each member was to furnish and hold one-half of the capital; and that the parties were partners. That finding, sustained, as it was, by sufficient evidence, is conclusive upon this appeal.

A partnership may be formed by parol to deal in real estate and to improve and sell for joint profit a particular piece of land. When real estate is acquired in a partnership business so formed, and for partnership purposes, notwithstanding the provisions of the statute of frauds, it is partnership assets although the legal title be taken in the name of one of the partners. Fountain v. Menard, 53 Minn. 443, 445, 55 N. W. 601, 39 Am. St. 617; Stern v. Harris, 40 Minn. 209, 41 N. W. 1036; Newell v. Cochran, 41 Minn. 374, 43 N. W. 84. It is wholly immaterial that the title may be placed in the name of a third person by one partner to secure profit to himself at the expense of the other. Each owed to the other in their transactions the utmost good faith and openness of dealing. Neither had the right to secure, without consent of the other, any private advantage out of such transaction. Securing such advantage would be a fraud upon the other party interested with him which equity would defeat by holding him a trustee for the others of the thing which he so secured to himself. There is no principle of equity jurisprudence better established or more rigorously enforced than this. The thin device, on the part of the partner sought to be charged of transferring title to a third person, not a bona fide purchaser, would not change the equitable relations and duties of the parties. Equity would hold the transfer to be a fraud upon his associates and would hold such third person to be a trustee of all for both partners as to the property conveyed to him. Gilfillan, C. J., in Hodge v. Twitchell, 33 Minn. 389, 23 N. W. 547.

Moreover the facts bring this case within the rules laid down in Stitt v. Rat Portage Lumber Co., 96 Minn. 27, 104 N. W. 561, so far as concerns the questions arising under the statute of uses and trusts (section 4280), and under the statute of frauds (section 4213). With respect to the provision which pertains to performance within one year (G. S. 1894, § 4209), it appeared from the evidence in this case that the partnership was one at will, was for no definite time, could be terminated by either party at his option and was in fact terminated by the defendants as soon as made, by defendants' breach and within the year. Where no definite time is fixed for the continuance of a partnership it is one at will and either party may dissolve it at pleasure. 22 Am. & Eng. Enc. (2d Ed.) 204. The statute of frauds has no application where the contract could be performed within the year, nor where it runs for an indefinite time. 3 Current Law, 1527; 29 Am. & Eng. Enc. (2d Ed.) 952; Trustees v. Brooklyn, 19 N. Y. 305; Smalley v. Mitchell, 110 Mich. 650, 68 N. W. 978; Railway Co. v. Whitley, 54 Ark. 199, 15 S. W. 465; Sweet v. Desha, 56 Ark. 629, 20 S. W. 514. The question then arises as to the sufficiency of the evidence to sustain the decision as a whole. We are of opinion that there was sufficient evidence in this case to sustain the trial court's findings.

We have carefully examined each of the ninety-four assignments of error in this case; there are none of the others which call for especial consideration. None of them present any reversible error.

Judgment affirmed.