SAMUEL J. BAREMORE v. SELOVER, BATES AND COMPANY.[1]

January 4, 1907.

Nos. 14,959—(147).

**Contract—Counterclaim.**

The contract which is made the basis of a counterclaim by the defendant against the plaintiff construed, and *held* that it created a partnership between the parties for the purpose of acquiring certain lands, reselling them, and dividing the profits.

**Same.**

The defendant's counterclaim alleges facts sufficient to constitute a counterclaim against the plaintiff.

Appeal by defendant from an order of the district court for Hennepin county, Dickinson, J., sustaining a demurrer to the third counterclaim in the answer.   Reversed.

*Arthur W. Selover, A. E. Bowe,* and *G. A. Will,* for appellant.
*Edson S. Gaylord,* for respondent.

START, C. J.

Action to recover from the defendant the sum of $2,700 which the complaint alleges that the plaintiff loaned to the defendant at its request.   The defendant in its answer set up several counterclaims, and the plaintiff demurred to the third one on the ground that it did not

[1] Reported in 110 N. W. 66.

allege facts sufficient to constitute a counterclaim. The trial court made its order sustaining the demurrer, from which the defendant appealed.

The allegations of the third counterclaim are to the effect following: That on December 7, 1903, the defendant's assignors were the owners of an option or privilege for the purchase of certain lands then owned by the Union Pacific Land Company; that the plaintiff was also desirous of purchasing the same lands from the land company; that thereupon the defendant's assignors and the plaintiff duly entered into and executed a written contract to and with each other, whereby it was agreed that the plaintiff should purchase the land and thereafter the parties should use their best endeavors to sell the lands to others and to obtain therefor the highest possible price, to be agreed upon by them, and for the service of the defendant's assignors in and concerning such matters they should receive one-half of the net profits arising from the sale of the lands; that thereupon such assignors, in consideration of such written contract, relinquished their option or privilege to purchase the lands to the plaintiff, who thereupon purchased the same from the land company for $1.50 per acre, to be paid for in instalments as per the contract for the sale and purchase of the lands made by the land company to the defendant's assignors (that is, pursuant to the option); that the contract between the plaintiff and the assignors was duly assigned to the defendant, with his consent; and, further, that thereafter the plaintiff sold and assigned his title and interest in the lands to a third party, who assumed the remaining indebtedness due the land company, and thereby realized a net profit of $8,000, no part of which has ever been paid to the defendant.

It is the contention of the plaintiff that the contract alleged as a basis for the counterclaim is one of agency, whereby the defendant's assignors were to use their best endeavors to sell the lands in question, and, if they did sell, they were to receive one-half of the net proceeds for their services; and, further, that there being no allegation in the counterclaim that either the defendant or its assignors ever performed any service under the contract, or used their best endeavors to sell the land or made any efforts to sell it, or assisted in any manner in bringing about such sale, the defendant is not entitled to any share of the profits. The trial court so construed the contract and sustained

the demurrer. Such conclusion is correct if such be the correct inter-pretation of the contract. On the other hand, the defendant claims that the contract was not one of brokerage or for services, but one in the nature of a partnership, for the purpose of acquiring certain lands for the purpose of selling it and dividing the profits. If this be the correct construction, it would follow that the counterclaim alleges facts sufficient to constitute a cause of action against the plaintiff in favor of the defendant.

The terms of the contract are not logically arranged, nor clearly expressed, but, in seeking for the intention of the parties, we must construe the contract as a whole and give effect to all of its provisions, if possible. We note, first, that the basis of the expected profits was the option for the purchase of the lands owned by the defendant's assignors which was transferred by them to the plaintiff in consideration of the contract—that is, as a part of the contract and as a considera-tion for the agreement as to profits—second, that the parties to the contract mutually agreed with each other to use their best endeavors to sell the land at a price to be agreed upon by them—that is, neither could sell without the assent of the other to the price therefor—and, third, that the plaintiff did purchase the lands to be paid for in instal-ments pursuant to the original contract or option held by the de-fendant's assignors, and that the plaintiff sold them at a profit of $8,000. If the contract be construed as a brokerage or service con-tract, it would be an unreasonable construction. If by the terms of this contract the defendant's assignors were merely the agents of the plaintiff to use their best endeavors to sell the land, why did the prin-cipal agree with his agent as to his own efforts in the premises, why did he surrender control of the sale of the lands and his right under any circumstances to dispose of them unless his agent assented to the price, and why did the agent transfer his option to the principal to enable him to secure the lands on the terms of the option?

On the other hand, the terms of the contract are reasonable, and all are given effect if the contract is construed as providing for a joint undertaking of the parties to engage in a land speculation for their mutual and equal profit, to which enterprise the defendant's assignors were to contribute their contract for the purchase of the lands, the plaintiff the money necessary to make the purchase, and both their

best endeavors, which would be implied if the contract had been silent in this respect and the parties were partners. 22 Am. & Eng. Enc. (2d Ed.) 41. We so construe the contract and hold that it was an agreement in the nature of a partnership to purchase the lands covered by the option held by the defendant's assignors for the purpose of re-selling them and dividing the profits. The obligation to share the losses, if any, was implied. Hodge v. Twitchell, 33 Minn. 389, 23 N. W. 547; Newell v. Cochran, 41 Minn. 374, 43 N. W. 84; Fountain v. Menard, 53 Minn. 443, 55 N. W. 601, 39 Am. St. 617; McDonald v. Campbell, 96 Minn. 87, 104 N. W. 760.

The case of Bickford v. Searles, 9 App. Div. 158, 41 N. Y. Supp. 148, cited by the plaintiff, seems to support his contention that the contract in question was only one for services, but in that case the contract recited that the alleged principal was the owner of the land. The relation of the parties in this case being that of partners, and not that of principal and agent, it follows that it was not necessary for the defendant to allege that it or its assignors used their best efforts to sell the lands, for prima facie the defendant is entitled to one-half of the profits of the venture. If there was such default in this respect as to render it inequitable for the defendant to receive its full share of the profits, it is a matter for the plaintiff to allege and prove. The plaintiff also contends that, even if it be conceded that the contract was one in the nature of a partnership agreement, still the facts alleged are not sufficient to constitute a counterclaim in this action for the reason that the contract relates to a transaction which is in no manner connected with the plaintiff's alleged cause of action. Hence the defendant has no legal cause of action against the plaintiff until there has been an accounting and settlement of the affairs of the firm. Little v. Simonds, 46 Minn. 380, 49 N. W. 186. The claim is without merit, for the allegations of the counterclaim show that the contract between the parties has been fully executed, the amount of the profits determined, and that no accounting is necessary. Hence an action at law lies for the recovery of the defendant's share of the profits. It was not necessary for the defendant corporation to allege that it had power to take an assignment of the contract in question. It follows that the counterclaim alleges facts sufficient to constitute a cause of action against the plaintiff.

Order reversed.