(27 Misc. Rep. 112.)

## MARTIN v. RIEHL.

(Supreme Court, Special Term, New York County.   April, 1899.)

PARTNERSHIP—EVIDENCE.

Plaintiff was to procure a printing contract, and was to have 30 per cent. of the net profits and 25 per cent. of the subscriptions and advertisements, and defendant was to do the printing, at his expense and risk. The contract referred to plaintiff as "associated" with defendant, and conferred the right of publication on them jointly. There was no agreement as to sharing of losses, and no outward signs of a partnership, and no firm name was adopted, plaintiff's name not appearing in any way. *Held*, in a suit for an accounting, that plaintiff had not established a partnership between him and defendant.

Suit by William Martin against Charles G. Riehl.   Decree for defendant.

McElhinney & Marting, for plaintiff.
Hyland & Zabriskie, for defendant.

GILDERSLEEVE, J.   This is an action for the dissolution of an alleged partnership, and for an accounting.   The answer denies any partnership.   The testimony appears to establish the following state of facts, viz.:   The plaintiff and defendant entered into an agreement, by which plaintiff was to procure from the United Brotherhood of Tanners and Curriers of America the privilege of publishing the official report and manual for 1894 of said association.   The defendant was to publish the said work at his own expense and risk, and was to pay to the plaintiff 30 per cent. of the net profits, besides paying him 25 per cent. of the gross amount of any contract for advertising or subscription procured by the plaintiff for said publication.   The plaintiff claims there was a written contract of partnership, but that he has no copy of it, for the reason that the defendant refused to give him one.   The defendant denies that any such contract ever existed, and he claims that the contract between the parties was one of employment only, by which plaintiff was to be paid the above-named percentage for his services in procuring the contract from the United Brotherhood and in procuring advertisements and subscriptions for the publication.   Defendant further claims that he has paid the plaintiff in full for such services, and he further maintains that "plaintiff has an adequate remedy at law for the alleged claim attempted to be set forth in the complaint, and that there is a want of equity in the alleged cause of action."   There is considerable conflict of evidence. It seems to me that the plaintiff has failed to establish by a fair preponderance of evidence his contention of the existence of a partnership.   It is true that the contract for the right to publish the work in question, which plaintiff procured from the United Brotherhood of Tanners and Curriers, refers to the plaintiff as being "associated with Charles G. Riehl," the defendant, and this contract provides for the sale of the right of said publication to "Charles G. Riehl and William Martin," the defendant and the plaintiff herein.   But this was not the contract between the parties to this action, but simply the contract which plaintiff was to procure for the defendant, and in return for which he was to receive a percentage of the net profits of

the venture, besides a percentage on all advertisements and sub-scriptions procured by him, without incurring any liability for any losses that might result from the enterprise. Where a party is only interested in the profits of a business, as a means of compensation for services rendered, he is not a partner. See Cassidy v. Hall, 97 N. Y. 160. To constitute the partnership relation inter sese, the contract should extend beyond a common agreement to share in the profits, and should equally bind the parties to bear the burden of the losses. A participation in profits and losses is the ordinary test of a partnership. See 8 Wait, Act. & Def. pp. 984, 985. An agreement by one to pay another, who does not incur liability for losses, a share of the profits, by way of compensation for the services of the latter, does not create a partnership. See Lansburgh v. Walsh, 12 Misc. Rep. 124, 33 N. Y. Supp. 45. In the case at bar there do not appear to have been any outward signs of a partnership. No firm name appears to have been adopted, and the name of the plaintiff does not appear to have been associated with that of the defendant either on the office door or on the office stationery, or in the bank account. I am of the opinion that the plaintiff's interest in the profits was simply compensation for his services rendered, and that he did not, therefore, become a partner by reason of the arrangement between himself and the defendant. See, also, Edwards v. Dooley, 13 N. Y. St. Rep. 601, 602 (Van Brunt, P. J.); Bickford v. Searles, 9 App. Div. 158, 41 N. Y. Supp. 148. The complaint must be dismissed for the reason that the evidence fails to sustain plaintiff's claim that there was a partnership, and plaintiff cannot maintain an action in equity for an accounting, but should have brought an action at law for his commissions, if, indeed, he has not been paid all that was due to him. See Skilton v. Payne, 18 Misc. Rep. 333, 334, 42 N. Y. Supp. 111. Complaint dismissed, with costs, but without prejudice to an action at law.

Complaint dismissed, with costs.