and, except as to rights and duties already existing, becomes merged and incorporated in the later statute. People v. Wilmerding, 136 N. Y. 363, 32 N. E. 1099; People v. Jaehne, 103 N. Y. 182, 8 N. E. 374; People v. City of Brooklyn, supra; McDermott v. Railroad Co., 85 Hun, 422, 32 N. Y. Supp. 884. An act which amends an existing statute "so as to read as follows," thereupon enacting a new and substituted provision, repeals all the former statute omitted from the act as amended. Moore v. Mausert, 49 N. Y. 332; People v. Board of Assessors, of the City of Brooklyn, 84 N. Y. 610. There is no such thing as a vested right in a public law which is not in its nature a grant or a contract. Whatever cause of action was acquired under the acts of 1894 and 1897 was not given by grant or contract (McCarthy v. Mayor, etc., 96 N. Y. 1), but by force of those statutes. They conferred inchoate, but not vested, rights, and the repeal of those acts in 1899 effectually terminated all legal claim to a recovery thereunder. Washburn v. Franklin, 35 Barb. 599; Hoppock v. Stone, 49 Barb. 524; Butler v. Palmer, 1 Hill, 324. The only theory on which the municipality could be held under said acts was that an employment of a mechanic at a fixed compensation, less than the "prevailing rate," was contrary to the provisions of said acts, and as to such compensation, fixed in violation of law, the contract was void. So considered, the repeal of the acts creating the illegality legalized the contract as effectually as if said acts had never been passed (Washburn v. Franklin and Hoppock v. Stone, supra; Curtis v. Leavitt, 15 N. Y. 152), and at the same time devested all inchoate rights which arose under the acts repealed. Butler v. Palmer and Curtis v. Leavitt, supra. In conclusion, the court holds that the repeal of the acts of 1894 and 1897 defeats any right of action thereunder, and that no right whatever exists against the municipality under the act of 1899. The complaint was therefore properly dismissed, and the motion for a new trial must be denied.

Complaint dismissed, and motion for a new trial denied.

---

## BURKARDT v. WALSH.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

1. PARTNERSHIP—EVIDENCE—PAROL AGREEMENT—JOINT BUSINESS ENTERPRISES.

Defendant owned vacant lots, and plaintiff, a builder, after interviews with her, purchased an adjoining lot in defendant's name, and buildings were erected on all the lots under plaintiff's supervision, with money secured by loans on mortgages on each lot. Plaintiff took charge of the buildings, received rents, contracted to sell one of them, and on defendant's refusal to convey sued for a dissolution of the alleged partnership and for an accounting. No written partnership agreement was made, but plaintiff and his wife testified to an oral partnership agreement, which was corroborated, while defendant insisted that no partnership was intended, and claimed that plaintiff was a mere employé, conceding his right to compensation. *Held*, that such evidence warranted a finding that the parties had embarked in a joint business enterprise that constituted a partnership.

2. SAME—PARTNERSHIP PROPERTY—REAL ESTATE—TRUSTS—ACCOUNTING.

Real estate held in the name of one partner to a joint enterprise for the erection of tenements is held in trust for the benefit of the firm,

and on dissolution one of the members thereof is entitled on an accounting to his proportionate share thereof.

Appeal from special term, Kings county.

Action by Stephen Burkardt against Margaret J. Walsh for dissolution of partnership and accounting. From an interlocutory judgment in favor of the plaintiff, defendant appeals. Affirmed.

The following is the opinion of the court at special term (JENKS, J.):

The plaintiff was a builder, and the defendant was the owner of two vacant lots in the city of Brooklyn. After interviews with the defendant, the plaintiff, in September, 1897, contracted for the purchase of a third and adjacent vacant lot for $2,000, which defendant was to pay for; but upon her default the plaintiff paid that consideration. Thereupon three buildings were erected upon the three lots, largely at the cost of defendant, and under the supervision of the plaintiff. The defendant did not meet, or was unable to meet, some of the payments upon the brickwork, and the plaintiff paid about $1,100 therefor. While the houses were building, the plaintiff obtained loans to the amount of $5,000 upon each lot and structure from a bank secured by mortgages of the defendant. These moneys were applied to the construction, and plaintiff was also reimbursed the $1,100 paid for brickwork. When the houses were finished, the plaintiff took charge of the rentings, and for three months received the rentals from the janitor. Plaintiff subsequently found a purchaser for one of the houses, and entered into a contract for the sale, but defendant refused to execute the deed, and about the same time began to collect the rentals. Thereupon the plaintiff served notice "of a dissolution of partnership," and this action for such dissolution and accounting was begun. While the defendant contributed the land and the said certain moneys to this venture, the plaintiff contributed thereto his skill, experience, and a large part of his time. He also paid $2,000 for the third lot of land, and about $1,800 towards the expenses of construction. No written agreement was ever entered into, but the business relation of the parties was established at a preliminary conversation, at which were present the plaintiff, his wife, and the defendant. Both the plaintiff and his wife testify that the agreement was then explicitly made for a joint enterprise contemplating a sharing of the profits and losses. Evidence to corroborate that this was the understanding, as shown by subsequent conduct and declarations during the transaction, is furnished by the testimony of several disinterested witnesses called by the plaintiff. The defendant denies that any relation in the nature of a partnership ever existed or was ever intended. She insists that the plaintiff was a mere employé, to be paid out of any profits gained, and concedes that he is entitled to some compensation. But some of the testimony of the defendant is hardly credible. She asks the court to credit that the plaintiff virtually forced this transaction upon her; that he trespassed upon her land, and commenced to build without her permission; that he took her deeds, and deposited them in the bank,—for what purpose she did not quite realize (though she subsequently executed the mortgages upon the property); that she did not know whether she ever took title to the third lot, though that was covered by the mortgage subsequently executed by her; and that she was, in effect, beguiled into a transaction which she then permitted to be carried out without any lively interest in the matter. Nothing in the relation of the parties lends credence. They are not akin; indeed, there was no acquaintance theretofore between them. The defendant is a married woman of mature years; not weak or confiding, so far as her appearance, demeanor, or language would indicate; apparently versed in business; possessed of property, and intelligent to a degree. She impressed me as an acute woman of affairs. Far from being pliant, she appeared more positive in her character than the plaintiff. I am of opinion that the evidence clearly shows that the parties were associated in a joint business enterprise, and that the principles of the law of partnership apply. Kings v. Barnes, 109 N. Y. 267, 16 N. E. 332; Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Hollister v. Simonson (Sup.) 45 N. Y. Supp. 426. The cases cited by the learned counsel for the defendant (Smith v.

Bodine, 74 N. Y. 30-33; Walker v. Spencer, 86 N. Y. 162, and the like) do not apply. I find that agreement between the parties was° for a joint enterprise to which each contributed certain capital for the purpose of joint profit, subject to the risk of joint loss. The law countenances and upholds such a business arrangement as this, though by parol. Chester v. Dickerson, 54 N. Y. 1; Traphagen v. Burt, 67 N. Y. 30. Though the property stands in defendant's name, equity regards her as a trustee. Williams v. Gilliers, 75 N. Y. 202. The proof of plaintiff's interest was competent. Teschmacker v. Lenz, 82 Hun, 594, 31 N. Y. Supp. 543. The realty is regarded as partnership property, and is so dealt with. Buchan v. Sumner, 2 Barb. Ch. 167; Collumb v. Read, 24 N. Y. 505; Fairchild v. Fairchild, 64 N. Y. 471. Judgment for plaintiff, with costs.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Thomas F. Magner, for appellant.

Moffett & Kramer (Chas. W. Laskey, of counsel), for respondent.

PER CURIAM. Interlocutory judgment affirmed, on the opinion of Mr. Justice JENKS at special term, costs to abide the final award of costs.

---

(31 Misc. Rep. 571.)

NEW YORK CENT. & H. R. R. CO. et al. v. WARREN.

(Supreme Court, Special Term, Ulster County. May 5, 1900.)

RAILROAD COMPANY—PRIVATE DEPOT GROUNDS—HACKMAN—SOLICITATION OF BUSINESS—PRELIMINARY INJUNCTION.

Though Railroad Law, § 34, provides that no preference for the transaction of the business of a common carrier on its grounds shall be granted by any railroad corporation to any one of two or more persons competing in the same business, a preliminary injunction will be granted a railroad company and a hackman to whom it has granted the exclusive privilege of entering its private depot grounds for the delivery of intended passengers and the solicitation of employment from arriving passengers, to restrain a competing hackman from remaining on such grounds, and there soliciting employment by passengers, and from interfering with the business of plaintiffs, or any other person, at such place, though not to prevent defendant from fulfilling his contracts with third persons, made elsewhere, for their delivery at or removal from such grounds, nor to prevent his fulfilling his contract for carrying the United States mails.

Suit by the New York Central & Hudson River Railroad Company and Moses McMullen against Edward B. Warren. Order to show cause why plaintiffs should not be awarded a preliminary injunction. Injunction denied.

Amos Van Etten, for plaintiffs.

Brinnier & Searing, for defendant.

BETTS, J. This matter comes before me on an order to show cause why an injunction should not be granted herein pending the trial of the action, substantially as asked for in the complaint. The facts disclosed by the papers are substantially as follows: The complaint shows that the plaintiff railroad company, as lessee of the West Shore Railroad, is in possession of certain lands about the railroad station at Marlboro, Ulster county, N. Y., and maintains said grounds for