(40 Misc. Rep. 466.)

McCABE v. HUNT et al.

(Supreme Court, Special Term, New York County. April, 1903.)

1. INJUNCTION—RIGHTS UNDER CONTRACT.

Subcontractors on the Manhattan Subway, appointed, with the consent of the general contractor, a superintendent of their contract. The subcontractors thereafter summarily discharged the superintendent and declared their contract terminated, and attempted to remove the plant. The superintendent claimed that his contract of employment with the subcontractors made him a partner, and declared an intent to carry out the contract. The subcontractors obtained an injunction restraining such superintendent from carrying out their contract, and restraining the principal contractor and the Rapid Transit Construction Company from carrying out the contract through such superintendent. *Held*, on evidence showing that the superintendent was not a partner of the sub-

contractors, that he should be restrained from carrying out the subcontractors' contract.

**2. SAME—PUBLIC WORK—PRIVATE RIGHTS.**
    Where a subcontractor in the construction of the Rapid Transit Subway abandoned his contract, though he was entitled to remove his plant with care and speed, he will not be allowed to remove any part of it which was necessary to preserve the work until a reasonable time elapses for the substitution of another plant.

Action by James F. McCabe against Rufus C. Hunt and others. Motion to continue injunction pendente lite. Granted.

Kellogg & Rose, for plaintiff.

Hatch, Debevoise & Colby, for defendants.

GILDERSLEEVE, J.  In this action, although all the parties named are not the same as in the action of Hunt v. McCabe, 82 N. Y. Supp. 661, in which a decision is handed down herewith, the controversy arises out of the same transactions.  James F. McCabe, the plaintiff herein, is the principal defendant in the other action, brought by Rufus C. Hunt, one of the defendants herein.  For the purpose of this decision, which, in view of all the circumstances, we feel constrained to render somewhat hurriedly, we refer to the statement of facts in the decision in the Hunt Case.  This motion is to continue an injunction, pendente lite, restraining the defendant Hunt from the performance of the work heretofore conducted by plaintiff on sections 13 and 14, and the terminals of the Rapid Transit Subway, under contracts made between the defendant John B. McDonald and the Messrs. McCabe, and under contracts made with the defendant Hunt for his employment as superintendent of the work, and from entering into any contracts for purchasing materials, or performing labor, or doing any other act, in the name of this plaintiff, or otherwise, towards the carrying out of said contracts.  Said injunction also restrains the defendants John B. McDonald and the Rapid Transit Subway Construction Company from performing the contracts heretofore made between the Messrs. McCabe and Mr. John B. McDonald by and through Rufus C. Hunt, as agent, attorney, superintendent, or representative of the plaintiff, and from paying out any money on account of work performed or materials furnished under said contracts to the said Rufus C. Hunt, or otherwise, or in any way aiding and abetting the said Hunt or any other person in carrying out the same.  It is the avowed purpose of the defendant Hunt to continue to its completion the work provided for in the contract between Mr. McDonald and the Messrs. McCabe.  It is the claim of Mr. Hunt that he is not the discharged employé of the plaintiff, but that he is a "quasi partner or co-adventurer," and that he (the said Rufus C. Hunt), because of the contract between plaintiff and himself, dated December 4, 1901, has a legal right to complete the contract.  I do not think that, upon the facts disclosed by the papers before me, this claim rests upon a sound legal foundation.  Such a course might result in a mutual benefit to the parties and to the public, who are deeply concerned in an early completion of this great public improvement.  Nevertheless legal rights must not be violated.

The McCabe-McDonald contract for the work is now broken, beyond all doubt. It is the claim of Mr. McCabe that it was broken by Mr. McDonald. This is sharply denied, and can only be satisfactorily determined upon the trial of the issues presented in this action. Whether rightfully or wrongfully, Mr. McCabe now declares the contract at an end; and, whether right or wrong, he refuses to proceed with the work, and wishes to remove his property therefrom. As between Messrs. McDonald, Hunt, McCabe, and the construction company, I think Mr. McCabe is entitled to his property, to wit, the tools, machinery, and articles employed upon the work, and known as "plant." We have seen from the papers in the action of Hunt v. McCabe, already referred to, that attachment creditors of McCabe are in possession of the property. These creditors are not parties to this action, and I do not undertake to determine their rights here. The action of defendant Hunt in endeavoring to hold on to the plant in question, to which it must be said Mr. McCabe has legal title, is such an interference with private rights as the courts of this state do not permit. Although public interests may suffer to some extent, a violation of private rights cannot thereby be justified. The voluminous papers before me, as already intimated, present a very sharp conflict of testimony, and the facts cannot be satisfactorily ascertained from the affidavits. Whatever they may finally, upon a trial in open court, be found to be, many intricate questions of law will arise in adjusting the rights of the parties to this serious controversy.

The temporary injunction may be continued pending the action, but it will require some modifications, and in some respects be made more definite and certain. It is not the intention of the court to go further than to restrain the defendant Hunt from carrying out the McCabe-McDonald contract, and from continuing to act under the powers conferred upon him by the agreement of December 4, 1901, and the powers of attorney, particularly described in the statement of facts in the decision of the case of Hunt v. McCabe. It is assumed that the work of constructing sections 13 and 14 of the Rapid Transit Railroad, and the terminals, notwithstanding the termination of the McCabe-McDonald contract, must be carried to completion. Whether the conditions are such as to warrant Mr. McDonald in calling upon the sureties of Mr. McCabe to finish the work, I am not prepared to say, as the contract in full is not before me. Even if it were, I could not determine this question on the present motion. It is not the province of the court at this time to direct how and under what circumstances the work shall proceed. There must be nothing in the order to be entered hereon tending to prevent Mr. McDonald from proceeding with the work under other contracts that he may hereafter make, or from employing the said Rufus C. Hunt upon the work, or from contracting with said Hunt for the performance of the work. The order must provide that such portion of the McCabe plant now upon the work as is essential to preserve it must remain for a reasonable time, to permit a proper substitution of another plant in place thereof; and the order must further provide that the change be effected with as little injury to the property, and with as little delay to the work of construction, as the exercise of skill and diligence will

allow. Let counsel prepare an order in accordance with this decision, and present the same for settlement in my private chambers at 12:30 o'clock p. m. on the 23d instant, at which time counsel may appear personally and be heard orally, if they so desire.

Ordered accordingly.