(40 Misc. Rep. 592.)

## BRADLEY et al. v. WOLFF.

(Supreme Court, Special Term, New York County.   May, 1903.)

**1. JOINT ADVENTURE—ACCOUNTING.**

Plaintiffs, owning exclusive privileges in certain copyrights, agreed with a bookbinder for the manufacture, in part, of certain publications for a term of years; they to contribute the copyright privileges and sell the books and turn over the receipts to the bookbinder, who agreed to repay what they paid for the privileges; the bookbinder to furnish the labor and material, and each party to have a share in the net profits. *Held*, that the parties were quasi partners, and where the bookbinder, after receiving and using the privileges. refused to render accounts as agreed upon, equity will direct a dissolution of the joint adventure and compel an accounting.

Action by Morton C. Bradley and James C. Yancey against Harris Wolff.   Judgment for plaintiffs.

John Larkin, for plaintiffs.
A. Gilhooly, for defendant.

CLARKE, J.   This is an injunction in equity for the dissolution of an alleged partnership or joint adventure, and for an accounting.   The plaintiffs, prior to the execution of the agreement at bar, had conceived the idea of publishing and selling by subscription a "History of Nations," in 73 volumes, and had acquired the exclusive right to the use of certain copyrights and plate privileges, and had expended in and about said enterprise certain moneys.   Said rights and said expenditures were set forth in a schedule annexed to the agreement, and the value thereof was fixed at $4,938.87.   The defendant was a bookbinder, conducting a separate and distinct business, and had been employed by plaintiffs in the manufacture of the publication above set forth.   On the 19th of June, 1901, defendant, as party of the first part, and plaintiffs, as parties of the second part, executed an agreement. Plaintiffs claim said agreement established a partnership in this particular enterprise, or at least a joint adventure, and that, therefore, upon the facts shown upon the trial, they are entitled to the relief demanded.   Defendant claims that no partnership or joint adventure was contemplated by said agreement; that it was, as to some parts thereof, a purchase and sale agreement, and as to other provisions therein the relation of principal and agent was created; that there was no fiduciary or trust relation; that therefore a court of equity has no jurisdiction; and that plaintiffs have an adequate remedy at law.

It is clear that the aforesaid agreement was not, and was not intended to be, an agreement to constitute a general partnership between the parties.   It is equally clear to me, from its manifold and minute provisions, that it is not a bargain and sale agreement, or a mere arrangement by which defendant became the principal, and the plaintiffs simply selling agents.   I can reach no other conclusion than that it was a joint adventure to manufacture and sell this particular publication, and such other publications as might be determined upon during the 10 years of the life of the contract.   The cases cited in the able brief submitted by counsel for the defendant fully support his conten-

tion that where a party is only interested in the profits of a business, as means of compensation for services rendered, he is not a partner in any sense, and his only remedy is by an action at law. Cassidy v. Hall, 97 N. Y. 168; Richardson v. Hughitt, 76 N. Y. 57, 32 Am. Rep. 267; Smith v. Bodine, 74 N. Y. 30; Fitch v. Hall, 25 Barb. 13; Lamb v. Grover, 47 Barb. 317; Bickford v. Searles, 9 App. Div. 158, 41 N. Y. Supp. 148; Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Martin v. Riehl, 27 Misc. Rep. 112, 58 N. Y. Supp. 141; Johnston v. Berlin, 35 Misc. Rep. 146, 71 N. Y. Supp. 454. In those cases, however, the profits were merely designated as a measure by which to determine the plaintiff's compensation. There was no contribution by the plaintiff to the capital, by which he gained an interest in the business. In the case at bar the publications were the product of a mutual investment. The plaintiffs contributed valuable assets, in the way of certain exclusive rights and privileges to use copyrights and plates requisite to the manufacture of the books planned by them. This contribution is stated in the terms of the agreement to "represent the original investment" of the plaintiffs. The defendant contributed the material and labor necessary to manufacture the books. The expenditures of the defendant were "to be charged against the books," and the plaintiffs were to be repaid for the investment "from the proceeds of the sale of the books." Without the contribution by the plaintiffs, although it may have been of much less pecuniary value than the expenditures by the defendant, it would have been impossible for the defendant to carry on the enterprise. Each party was also to contribute services; the defendant having complete charge of the production of as many sets of books as required by the plaintiffs, not to exceed 250 sets a week. If, on account of strikes, fire, or any other condition not under the control of defendant, he should be unable to deliver publications, then plaintiffs might have the work done elsewhere until defendant could again deliver the publications. The plaintiffs were to sell the books at specified rates, and were to pay agents certain fixed commissions. Each party was to render an account to the other, and to share in the net profits upon certain fixed proportions. Judge Gray, in Schantz v. Oakman, 163 N. Y. 156, 57 N. E. 290, says:

"A joint adventure between persons for the business of purchasing or selling property may create a quasi partnership relation, which will subject him to the responsibility to account to whom, or by whom, property has been intrusted, or received. * * * Transactions between parties, which will warrant one in holding the other accountable for his acts, must possess the elements of agency and of a trust reposed, with respect to moneys or other property received. The defendant, in such an action, must appear to have been intrusted with property of the plaintiff, and, in consequence, to have become bound to reveal his dealings with it."

It would be difficult to suggest a joint adventure or enterprise, if the case before me be not such a one. The defendant was intrusted with the rights and privileges in the acquiring of which it was agreed the plaintiffs had expended $4,938.87. All funds collected from sales made by the plaintiffs were turned over to the defendant. When the defendant received this money, he was intrusted with funds, from which, after the expenses of publication, and various sums, including the 20 per cent. net profit of defendant, were first deducted, the plain—

tiffs, by the terms of the agreement, were entitled to a repayment of the sum at which their original investment was valued, and their share of the profits. In the applying of these funds to the payment for material and labor and other expense incurred at the discretion of the defendant in the production of the books, the defendant stood, relatively to the plaintiffs as their agent—he stood in a fiduciary relation—and in the language of Judge Finch in Marvin v. Brooks, 94 N. Y. 71, he became a quasi trustee of the money in his hands, and of the property produced, and the plaintiffs have the right to call him to account in equity. Marston v. Gould, 69 N. Y. 220; King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Burkhardt v. Walsh, 49 App. Div. 634, 64 N. Y. Supp. 779; Hollister v. Simonson, 18 App. Div. 73, 45 N. Y. Supp. 426. I conclude, therefore, that as to this particular enterprise the parties stand in the relation of quasi partners. Having disagreed, the monthly accounts not having been rendered as required, and the books of account being seriously questioned, a dissolution and an accounting are properly prayed for, and must be decreed.

Judgment accordingly.